# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : : : : | CRIMINAL ACTION NO. 00-558 CIVIL ACTION NO. 07-1305 |
| v. | : : : : : : : | CRIMINAL ACTION NO. 01-163 CIVIL ACTION NO. 07-1304 |
| JOHN BIEDRZYCKI. | | |

**Memorandum and Order**

YOHN, J.                                                                                                 December ____, 2007

      Defendant John Biedrzycki has filed Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on the grounds that his sentence was unconstitutional in light of the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 200 (2005), and because his trial counsel was ineffective for not having his mental and intellectual capacities evaluated prior to sentencing. Biedrzycki filed these motions on March 30, 2007. As discussed below, his motions are untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). I will therefore dismiss the motions without an evidentiary hearing.

**I.     Background**

      On March 26, 2001, Biedrzycki pleaded guilty, pursuant to a plea agreement, to five counts of (1) knowingly making a false statement to a federal firearms licensee in violation of 18 U.S.C. § 924(a)(1)(a); (2) possession of a firearm by a convicted felon in violation of 18 U.S.C. §

922(g)(1); (3) bank robbery in violation of 18 U.S.C. § 2113(a); (4) interstate transportation of stolen property in violation of 18 U.S.C. § 2314 and aiding and abetting in violation of 18 U.S.C. § 2; and (5) conspiracy to distribute marijuana in violation of 21 U.S.C. § 846.

On July 12, 2001, this court sentenced Biedrzycki to a total of 164 months' imprisonment. Both parties agree this sentence was in the middle of the sentencing guideline range of 151-188 months. Biedrzycki filed a timely pro se notice of appeal to the Third Circuit, and his trial counsel subsequently filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Third Circuit affirmed this court's judgment on November 26, 2002.[1] *See United States v. Biedrzycki*, 52 F. App'x 182 (3d Cir. 2002).

Biedrzycki filed the instant motions on March 30, 2007. The government filed its response on June 15, 2007 and argues that the motions are barred by AEDPA's one-year filing deadline. The government further argues that even if timely, Biedrzycki's motions should be denied on their merits. As discussed below, I agree that Biedrzycki's motions are untimely, and I will dismiss the motions.

**II.    Discussion**

Under § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct his sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose [the] sentence, . . . the sentence

---

[1] Both Biedrzycki and the government state that the Third Circuit affirmed this court's judgment on December 19, 2002, but the Third Circuit's memorandum opinion gives November 26, 2002 as the date of the decision. The Third Circuit's docket also confirms that the appellate court affirmed this court's judgment and filed its opinion on November 26, 2002. Therefore, the correct date is November 26, 2002. However, even if the date of the Third Circuit's decision had been December 19, 2002, Biedrzycki's § 2255 motions would still be untimely.

was in excess of the maximum authorized by law, or [the sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255. When a prisoner files a § 2255 motion, the district court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989) (citation omitted). In making this determination, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Id.*

Biedrzycki's motions are governed by AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Under AEDPA, a federal prisoner seeking habeas relief pursuant to § 2255 must file his motion within one year from the latest of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Subsections (1) and (3) are applicable to Biedrzycki's motions.[2]

A defendant's judgment of conviction becomes final within the meaning of § 2255(1) "on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the

---

[2] While the Third Circuit has held that the statute of limitations in AEDPA is subject to the doctrine of equitable tolling in very limited circumstances, *see Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003), Biedrzycki has not presented any allegations or arguments that would support the application of equitable tolling to the instant motions.

defendant's time for filing a timely petition for certiorari review expires," which is ninety days from the date on which the court of appeals affirms the judgment of conviction. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Here, Biedrzycki did not seek review by the Supreme Court; thus, his conviction became final on February 24, 2003, ninety days after the Third Circuit affirmed his judgment of conviction. To be timely under § 2255(1), Biedrzycki had to file his § 2255 motions by February 24, 2004. Given that he did not file the motions until March 30, 2007, his motions are time barred under § 2255(1).

Biedrzycki's motions are also untimely under § 2255(3). Under § 2255(3), "if [the Supreme] Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [the] Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358-59 (2005). The statute also requires that the new constitutional right recognized by the Supreme Court be retroactively applicable to cases on collateral review. *Id.* Thus, in order for Biedrzycki to take advantage of § 2255(3), his motions must have been filed within one year of the Supreme Court's recognition of the new rights on which he relies, and these rights must be retroactively applicable to cases on collateral review. As discussed below, Biedrzycki has not met either of these requirements.

First, Biedrzycki argues his sentence was unconstitutional because the Supreme Court has held that the federal sentencing guidelines are not mandatory and sentencing courts must consider other factors when sentencing federal defendants. Biedrzycki contends that the court must begin the analysis of his motions by recognizing that *Apprendi v. New Jersey*, 530 U.S. 466

4

(2000), announced a new constitutional rule.[3] Biedrzycki further reasons that *Apprendi* was clarified by *Ring v. Arizona*, 536 U.S. 584 (2002).[4] Then, he argues, *Booker* extended *Apprendi* and *Ring*, establishing a new statutory remedy but not a new constitutional rule. Biedrzycki concludes that because *Booker* did not actually establish a new constitutional rule, it should be retroactively applied.

Alternatively, he argues that *Booker* is exempt from *Teague v. Lane*, 489 U.S. 288 (1989), which precludes the retroactive application of new constitutional rules of criminal procedure. The two narrow exceptions to which the *Teague* preclusion of retroactivity does not apply are (1) "rules forbidding punishment of certain primary conduct [and] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense," and (2) "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Beard v. Banks*, 542 U.S. 406, 416 (2004) (internal quotations and

---

[3] The *Apprendi* Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. A judge may, however, enhance sentencing based on factors not decided by a jury and proved beyond a reasonable doubt if the enhancement does not increase the sentence beyond the statutory maximum. *See id.* Thus, *Apprendi* established a new constitutional rule of criminal procedure. *See United States v. Swinton*, 333 F.3d 481, 489 (3d Cir. 2003).

[4] In *Ring*, the Supreme Court addressed the constitutionality of an Arizona statute that allowed a trial judge, sitting alone, to determine the presence or absence of aggravating factors enumerated in the statute when deciding whether to impose the death penalty after a jury had convicted a defendant of first-degree murder. The *Ring* Court overruled its prior decision in *Walton v. Arizona*, 497 U.S. 639 (1990), "to the extent that [*Walton*] allow[ed] a sentencing judge, sitting without a jury, to find an aggravating circumstance necessary for imposition of the death penalty." 536 U.S. at 609. The Court relied on its holding in *Apprendi* and held that "[b]ecause Arizona's enumerated aggravating factors operate as the functional equivalent of an element of a greater offense, the Sixth Amendment requires that they be found by a jury." 536 U.S. at 609 (quotation marks and citations omitted).

citations omitted).  Biedrzycki now argues that because *Booker* was a watershed constitutional rule, *Teague* does not preclude its retroactive application to his case.

Notwithstanding his first two arguments, Biedrzycki then contends that the real issue in his case is whether *Ring*'s holding is a new constitutional rule because *Booker*, in light of *Apprendi* and *Ring*, was not a new rule, but an application of these cases.  He believes he is entitled to application of *Ring* because the case was decided before his sentence became final.  Finally, he argues that due process requires the retroactive application of both *Booker* and *Ring*.[5]

The short, but clear, answer to these arguments is that, regardless of the merits of Biedrzycki's intricate arguments regarding the retroactivity and applicability of *Apprendi*, *Ring*, *Blakley v. Washington*, 542 U.S. 296 (2004), and *Booker*, he is too late.  The latest of these cases was decided January 12, 2005, and Biedrzycki did not file his motions until March 30, 2007.

Moreover, Biedrzycki's arguments that *Booker* (1) applies retroactively, (2) was not a new constitutional rule but was compelled by *Apprendi* and *Ring*, (3) set forth a substantive rule instead of a procedural rule, and (4) was a watershed ruling, are all clearly incorrect.  The Third Circuit has concluded that "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005" and that "*Booker* announced a rule that is 'new' and 'procedural' but not 'watershed.'"  *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005).  Biedrzycki's judgment of conviction and sentence was final on February 24, 2003.  Furthermore, the Third Circuit's analysis in *Lloyd* clearly shows that *Booker* is not exempt from the *Teague* doctrine precluding retroactivity.  *See id.* at 613-15.  Biedrzycki's attempts to

---

[5] The Supreme Court decided *Ring* on June 24, 2002, before Biedrzycki's conviction became final on February 24, 2003.  *Ring*, therefore, applied to Biedrzycki's case on direct appeal and retroactivity analysis is irrelevant.

distinguish his case from *Lloyd* are unavailing because *Lloyd* clearly held that *Booker* was a new constitutional rule of criminal procedure but that it did not apply retroactively to cases on collateral review because it was not "watershed."  His argument that he presents a new issue not yet decided by the Third Circuit—which is whether *Booker* imposes a new statutory remedy—is likewise unavailing because the issue for purposes of § 2255(3) is the recognition of a new constitutional right, not the recognition of a new statutory remedy.

The argument that the Supreme Court recognized a new constitutional rule in *Ring* that entitled Biedrzycki to relief also fails.  *Ring* applied to Biedrzycki's case on direct appeal because *Ring* was decided before Biedrzycki's conviction became final.  There is no need for a retroactivity analysis.  However, even if Biedrzycki's conviction had been final before the Court decided *Ring*, as Biedrzycki contends, he would not be entitled to relief because the Court has held that *Ring* does not apply retroactively to cases on collateral review that were final when *Ring* was decided.  *See Schriro v. Summerlin*, 542 U.S. 348, 355-56 (2004).  More importantly, Biedrzycki's argument that *Ring* entitles him to relief fails because it is untimely under § 2255(3).  The Supreme Court decided *Ring* on June 24, 2002, and Biedrzycki's motions were not filed until March 30, 2007, well after the one-year statute of limitations period had expired.

Finally, Biedrzycki argues that he is entitled to resentencing because his trial attorney failed to have his mental and intellectual difficulties evaluated prior to his sentencing.  He bases this argument on his contention that *Booker* was a substantive rule that did not affect sentencing procedures, but instead affected the actual sentences that can be imposed on federal defendants.  Biedrzycki contends that an evaluation *might* have led to a diminished capacity downward departure, and because the sentencing guidelines are advisory, the court should have considered

7

his poor mental functioning and depression when imposing sentence.

Biedrzycki's argument that his trial counsel provided ineffective assistance of counsel is also untimely. To the extent that Biedrzycki argues *Booker* requires resentencing because his counsel was ineffective, his motions are untimely for the reasons discussed above. To the extent he argues ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), his motions should have been filed within one year of his conviction becoming final, and they are three years too late.

Based on the foregoing reasons, I conclude that Biedrzycki's § 2255 motions are untimely. I will therefore dismiss the motions. Moreover, because the record conclusively shows that Biedrzycki is not entitled to relief, there is no need to hold an evidentiary hearing before dismissing his motions.

### III.  Conclusion

For the reasons explained above, I will dismiss Biedrzycki's motions under 28 U.S.C. § 2255 as untimely. Thus, I must determine if a certificate of appealability should issue. A court may issue a certificate of appealability only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the defendant "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* As shown above, Biedrzycki's motions violate the one-year statutory filing period contained in AEDPA.

Therefore, a certificate of appealability will not issue.

    An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 00-558 |
| | : | CIVIL ACTION |
| v. | : | NO. 07-1305 |
| | : | |
| | : | CRIMINAL ACTION |
| JOHN BIEDRZYCKI. | : | NO. 01-163 |
| | : | CIVIL ACTION |
| | : | NO. 07-1304 |

## Order

And now, this _____ day of December 2007, upon careful consideration of defendant John Biedrzycki's Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docket No. 48 as to Criminal Action No. 00-558 and Docket No. 18 as to Criminal Action No. 01-163) and the government's response thereto, IT IS HEREBY ORDERED that the motions are DISMISSED as untimely.

IT IS FURTHER ORDERED that, the defendant having failed to make a substantial showing of the denial of a constitutional right, there is no ground to issue a certificate of appealability.

                                                    s/ William H. Yohn Jr.
                                                    William H. Yohn Jr., Judge